**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
Johnstown Division**

KEVIN B. NELSON,

      Plaintiff,

    v.

CHRIS W. BENDER;
CHRISTOPHER B. COHN;
THOMAS J. QUINN;
JAMES M. BRADY;
LOGAN TOWNSHIP, PENNSYLVANIA;
and THE PENNSYLVANIA STATE
UNIVERSITY,

      Defendants.

Civil Action No.:  3:15-cv-00064-KRG

THE HONORABLE KIM R. GIBSON

JURY TRIAL DEMANDED

**REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO
MOTION TO DISMISS AMENDED COMPLAINT IN PART
AND TO STRIKE PORTIONS OF AMENDED COMPLAINT**

Defendants, Chris W. Bender and Logan Township, Pennsylvania (collectively referred to herein as "Moving Defendants"), through their attorneys, Thomas, Thomas & Hafer, LLP, respectfully submit the following Reply to Plaintiff's Brief in Opposition to Motion to Dismiss Amended Complaint in Part and to Strike Portions of Amended Complaint:

In opposition to Moving Defendants' motion, Plaintiff, instead of simply addressing the legal issues raised by Moving Defendants, resorts to personal accusations that Moving Defendants are engaging in "delay tactics" and wasting taxpayer money by filing a second Motion to Dismiss in response to Plaintiff's amended pleading.  However, it is Plaintiff's own failure to correct a number of issues in his original pleading – which will require significant unnecessary discovery to litigate – that necessitated the instant motion.

1

1781007.1

Moreover, in the portion of his responsive brief which does address the legal issues, Plaintiff relies upon various "straw man" arguments.  Plaintiff spends a significant portion of his brief expounding upon his erroneous assertion that Moving Defendants have inconsistently asserted that his pleading contains both "too much information" and "too little information," including a purported recitation by Plaintiff of the history of the interpretation and application of the Rule 8 pleading standard.  Nowhere in Moving Defendants' Brief in support of their Motion to Dismiss the Amended Complaint did they make any argument to the effect that the Amended Complaint is insufficiently detailed or that Plaintiff should be required to set forth additional information in support of his claims.  What Moving Defendants have argued is that, *despite* the pleading's length and detail, the factual matter pled is legally insufficient to establish a Section 1983 claim against the Township.  Furthermore, Moving Defendants have not, as Plaintiff claims, objected to the length of the pleading in itself or characterized it as "too transparent," but merely made note of the length of the pleading in connection with their substantive argument that the pleading is replete with impertinent and immaterial allegations, in addition to the improper pleading of legal principles and evidence.[1]  The striking of such extraneous and prejudicial matter would not in any way render Plaintiff's pleading "vague and conclusory," as Plaintiff accuses Moving Defendants of "prefer[ring]."

Plaintiff also mischaracterizes Moving Defendants' argument, in their principal Brief in Support of Motion to Dismiss Amended Complaint, regarding the Criminal Complaint from the

---

[1]  Plaintiff also suggests that Moving Defendants must have an improper motive for twice moving to dismiss and/or strike portions of his pleading, and/or that such motions must be without merit, simply because the other Defendants (the University and its officers) responded to both pleadings with an Answer.  Although Plaintiff's suggestion to this effect is unwarranted, Moving Defendants note that the impertinent matter pled in the Complaint and Amended Complaint regarding the alleged lack of probable cause for certain charges filed against Plaintiff by Moving Defendant Bender does not relate to the claims against the University Defendants.

1781007.1

underlying criminal proceeding.  Moving Defendants have not, as Plaintiff asserts, argued that Plaintiff should be precluded from attaching that document to his pleading or referring to it therein simply because Plaintiff's criminal record in the instant matter has been expunged. While Moving Defendants noted that the document was within the scope of the expungement Plaintiff obtained,[2] the primary basis of their objection to the use of this document (as articulated on page 15 of their principal brief (Document 24) is that Plaintiff relies upon it solely as support for his impertinent allegations that Defendant Bender lacked probable cause to file three of the six charges, as further addressed below.

**A.     Moving Defendants are entitled to striking of the Complaint's various references to an alleged lack of probable cause for certain charges, because the non-relevance of these allegations is established as a matter of law.**

Plaintiff's allegations to the effect that Officer Bender lacked probable cause for some of the charges filed against Plaintiff (including but not limited to allegations characterizing those charges as "false" or "baseless" or "frivolous") are clearly impertinent, in that the sole basis of Plaintiff's claims against Moving Defendants is the alleged use of excessive force by Officer Bender.  It is well established that claims of excessive force are governed by a purely objective standard – *i.e.*, whether or not the force used by the officer was "'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation."  *Graham v. Connor*, 490 U.S. 386, 397 (1989)(citing *Terry v. Ohio, supra,* 392 U.S., at 21, 88 S.Ct., at 1879 ("in analyzing the reasonableness of a particular…seizure, 'it is imperative that the facts be judged against an objective standard'")(further citations omitted); *see also Washington v. Goshert*, 2013 WL 1388723, at *2 (E.D. Pa. 2013)(explaining that the Third

---

[2]  Moving Defendants reserve the right to object, at later stages of the instant litigation, to Plaintiff's use of documents from the expunged criminal matter to the extent that Plaintiff has not preserved and produced the complete record, but only selected portions thereof.

Circuit has noted that an excessive force claim requires the jury to determine "whether the officer used force that was objectively reasonable under the circumstances and facts confronting him **at that time**, without regard to his underlying motivation.  Because this analysis views the officer's actions objectively, the officer's subjective intent or motivation is irrelevant.")(emphasis added)(internal citations omitted)(citing *Palmer v. Nassan*, 454 Fed.Appx. 123, 126 (3d Cir. 2011).  Accordingly, "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."  *Graham*, 490 U.S. at 397.

Here, Plaintiff claims that Officer Bender's filing of allegedly frivolous charges of aggravated assault and resisting arrest against Plaintiff following the interaction in question is "clear evidence" that Officer Bender allegedly "knew that he had used excessive force and that he needed to have a legal explanation to attempt to justify his use of force."  This argument, in addition to constituting an admission by Plaintiff that he has inappropriately pled evidence,[3] relies upon Officer Bender's alleged subjective motives to demonstrate that the force he used was excessive.  As the Supreme Court made clear in *Graham,* the officer's subjective motivation has no place in the excessive force analysis.

Moreover, our Court of Appeals has explicitly "rejected…efforts to bootstrap excessive force claims and probable cause challenges."  *Snell v. City Of York, Pennsylvania*, 564 F.3d 659, 672-73 (3d Cir. 2009); *see also Bodine v. Warwick,* 72 F.3d 393, 400 & n. 10 (3d Cir.1995).  "Since excessive force and false arrest inquiries are distinct, demonstrating a lack of probable cause to effect an arrest does not demonstrate an excessive force claim, **and vice-versa**."

---

[3]  "[T]he Federal Rules of Civil Procedure discourage the pleading of evidence."  *Untracht v. Fikri*, 368 F. Supp. 2d 409, at 415 (W.D. Pa. 2005)(Gibson, J.); *see also Brejcak v. County of Bucks*, 2004 U.S. Dist. LEXIS 4320 (E.D. Pa. 2004).  Plaintiff also explicitly acknowledges his pleading of evidence in the Amended Complaint itself.  (Doc. 20, ¶ 138).

*Holmes v. City of Wilmington*, 2015 WL 467989, at \*5 (D. Del. 2015)(emphasis added)(citing *Snell,* 564 F.3d at 673).   Moving Defendants respectfully submit that the same distinction between the issue of excessive force and the issue of probable cause for an arrest likewise exists between the issue of excessive force and the issue of probable cause for the charges that result from an arrest.   Moving Defendants further submit that Plaintiff's allegations that he was frivolously charged with certain offenses, when he admittedly cannot establish other essential elements of a malicious prosecution claim,[4] will in effect allow him to assert a violation of law without having met the threshold requirements of the pertinent cause of action.[5]

For these reasons, in conjunction with the reasons set forth in Moving Defendants' principal brief, Plaintiff's allegations to the effect that certain charges were false, frivolous, or otherwise without probable cause, should be stricken from the Amended Complaint.[6]

**B.      The allegations of the Amended Complaint fail to state a 42 U.S.C. § 1983 claim against Logan Township.**

Plaintiff's argument that the *Carroll* decision is inapposite because it involved a motion for summary judgment is unavailing, as the general principle for which Moving Defendants cited the case – that a single prior incident of similar alleged misconduct is insufficient to demonstrate

---

[4]   In his original Complaint, Plaintiff explicitly acknowledged that he is foreclosed from asserting a malicious prosecution claim because he accepted an ARD disposition of the criminal proceeding, and therefore cannot establish the element of favorable termination.  (Doc. 1, p. 12, n.4).

[5]   Plaintiff contends that the Third Circuit's 2007 decision in *Johnson v. Knorr* provides that probable cause for one charge does not "necessarily" defeat a claim of malicious prosecution as to the other charges.  However, in its 2009 decision in *Kossler v. Cristanti*, the Third Circuit reiterated its "clear statement in *Johnson* that the precedential status of *Wright* is not diminished [by its holding in *Johnson*]." *Kossler*, 564 F.3d 181, 193-94 (3d Cir. 2009).  The Court explained that, in *Wright*, it "determined that the existence of probable cause for the arrest -- stemming from the existence of probable cause for at least one charge -- precluded the plaintiff from proceeding with her malicious prosecution claim with respect to any of the charges brought against her."  *Kossler* at 194-94 (referring to *Wright v. City of Philadelphia,* 409 F.3d 595 (3d Cir.2005)).

[6]   The specific allegations that Moving Defendants seek to have stricken are set forth in their Motion to Dismiss the Amended Complaint (Doc. 23, p. 2) and in the proposed order submitted therewith.

5

a failure to train – is equally applicable to the determination of whether a plausible claim has been pled. *See, e.g., Agnello v. Straitiff*, 2011 WL 1458090, at *3-4 (W.D. Pa. 2011)(applying *Connick*'s "pattern of similar constitutional violations" in dismissing a *Monell* claim at the 12(b)(6) stage); *Austin v. Cnty. of Butler Pa.*, 2013 WL 425134, at *8-9 (W.D. Pa. 2013)(same).

Moreover, the standard enunciated by the Supreme Court in *Connick* clearly establishes that the prior misconduct by officers, in order to sustain a claim of municipal liability under 42 U.S.C. § 1983, must amount to violations of **constitutional** rights. *Connick v. Thompson,* 131 S.Ct. 1350, 1360 (2011)(holding that "a pattern of similar constitutional violations" preceding the subject incident is ordinarily necessary to demonstrate a failure to train). Here, Plaintiff alleges that he is aware of multiple prior incidents involving Township officers, but only one such alleged incident is arguably analogous to the events in question. The remaining prior incidents pled in the Amended Complaint are not alleged to have occurred while the officers were acting in their capacities as Township police officers, such that those incidents do not reflect constitutional violations, and therefore cannot support a *Monell* claim against the Township.

Plaintiff instead points the Court to the unpublished *Landis* decision (in which Plaintiff's counsel represented Mr. Landis). However, that case is easily distinguishable, in that the plaintiff in *Landis* pled a prior incident of excessive force by the defendant, Officer Moyer, i.e., the same officer who allegedly violated Plaintiff's rights. The court noted that it was a "close call," but allowed the *Monell* claim to proceed based upon the facts pled. Moving Defendants respectfully submit that, while a municipality's notice of prior instances of excessive force by the same officer may warrant the survival of a *Monell* claim in a "close" case, no such facts have been alleged in the present case. Here, Plaintiff has set forth no allegations demonstrating that

6

1781007.1

the Township was aware of any prior alleged use of excessive force by Officer Bender and failed to take appropriate corrective action.  As such, *Landis* is not persuasive with respect to the case at bar.

For these reason, along with the reasons set forth in their principal brief, Moving Defendants respectfully submit that Count II of the Amended Complaint should be dismissed with prejudice, as against Logan Township.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

By: */s/ Karin M. Romano*
    Thomas P. McGinnis
    Pa. ID # 46666
    Karin M. Romano
    Pa. ID # 92068
    Jeffrey D. Truitt
    Pa. ID # 309037

    525 William Penn Place
    37th Floor, Suite 3750
    Pittsburgh, PA  15219
    (412) 697-7403

    Attorney for Defendants,
    Chris W. Bender and Logan Township

7

1781007.1